A. K. MIKA, Tax Collector, *vs.* V. KNUDSEN.

EXCEPTIONS FROM FOURTH CIRCUIT COURT.

HEARING, OCTOBER 20, 1890.   DECISION, NOVEMBER 25, 1890.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

The defendant having made the return to the Assessor of estate belong-
ing to his wife, claiming to own an interest therein, and in all other
respects acting in her behalf and stead, may properly be made de-
fendant and sole defendant in an action by the Tax Collector for the
recovery of the tax.

The law prescribing no other rule of valuation of estate than its full cash
value, or the price it might bring if sold at auction, the mere judg-
ment and appraisement of the Assessor or the Board of Tax Appeals
cannot be set aside by this Court, on account of a valuation claimed
to be excessive.

Exceptions overruled.

OPINION OF THE COURT, BY McCULLY, J.

This case comes from the August Term, 1890, of the Circuit
Court of the Fourth Judicial Circuit, upon the following bill of
exceptions:

1.   That the declaration and proofs show no cause of action
against the defendant.

2.   That the basis of valuation on which the assessment of
said Tax Assessor was made is shown by the proofs to be incor-
rect, being not the present value of the land in question, as in-
dicated by its rental, but the prospective and possible value.

3.   That Mrs. V. Knudsen should have been joined as a de-
fendant.

The evidence taken by the local Circuit Judge in Chambers,
and exhibits, are to be considered with the bill.

Suit was brought in the District Justice's Court by the plaint-
iff, the Tax Collector for the District of Koloa, for the recovery

of the sum of three hundred and fifty dollars, together with the statute charge on delinquent taxes of ten per cent., which tax had been assessed upon land known as the Ahupuaa of Koloa, being the property of the wife of defendant. The point is made by the first exception that the defendant was not personally liable, and in the third that if he were his wife should also have been joined. The exhibits, however, clearly show that the defendant has undertaken to represent his wife in the return of this property in the manner contemplated by Sections 21 and 22 of the General Tax Act, as they stand therein, and as they were amended by Chap. 72 and 50 of the Acts of 1888, to make him "chargeable with the tax payable in respect thereof in the same manner as if such property were his own," and it is clear that the statute does not contemplate that the principal or *cestui que trust* shall be joined in suit with the agent, guardian or trustee. The defendant in his letter of May 17th to Mr. Farley, the Tax Assessor, says of this property, "I own an interest in Koloa," to wit, the reversion of the leases. This defendant has not contested his liability in respect to another parcel of property in the same circumstances, on which he has paid the tax.

The gravamen of this controversy, it is plain from the defendant's statements and correspondence on file, is that property purchased in 1868 for $11,000, under leases having several years yet to run at $750 per year, is now assessed at a valuation of $35,000 and taxed $350. On this is founded the second exception.

The general tax law, enacted in 1882, provided, Sec. 25, that "in respect of real estate held in any tenancy exceeding a yearly tenancy, the interest of the owner of such real estate shall be estimated at a sum equal to eight years rent received from such real estate." C. L., p. 121. If this provision were now existent the assessment of $35,000 would clearly be incorrect, in violation of a statute rule, and it would be within the jurisdiction of the Supreme Court to set it aside, notwithstanding any action of the Board of Tax Appeals confirming it. But by the Act of 1886, Sec. 6, the above provision

was repealed, leaving the rule of valuation without respect to tenancy, "every person shall be liable to taxation in respect of the full cash value of his interest in such property." Thus the rule of certainty as to the appraisement of property under lease was repealed. It cannot be said that this was unreasonable legislation; estates may be rented at too high rent, as many leases taken by Chinamen show, or at too low a rent, as times change. It is conceivable that property might be put under the protection of low rentals, by connivance. And Section 8 of this Act amended Section 28 of the original Act to read, "the full cash value of the interest of any person in real or personal property shall be estimated at a sum which such interest might reasonably be expected to bring at a sale by public auction for cash." The Assessor has only these guides to his judgment in fixing values, and upon his judgment values depend, subject only to the judgment of three other men, constituting the Tax Appeal Board.

The cases in which the Supreme Court can vacate an assessment are examined in the recent case, *Knudsen vs. Stolz, ante,* page 81.

The assessment in this instance may be too high, or not fairly apportioned between the lessor and the lessees, but upon this it is not our province to pass judgment.

The exceptions are overruled.

*Chas. Creighton,* for plaintiff.

*F. M. Hatch,* for defendant.