HENRY H. PARKER vs. JONATHAN SHAW, Tax Assessor.

APPEAL FROM DISTRICT COURT OF HONOLULU.

HEARING, MARCH 19, 1894.            DECISION, MAY 1, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

The Supreme Court has jurisdiction to hear cases relating to the assessment of taxes, when it appears that a question of the construction of the statute is involved.

The rule of eight years rental for the assessment of real estate under lease must be observed unless such valuation would be manifestly, that is, plainly, obviously, unfair or unjust.

The qualification to the rule exists in favor of the Government as well as in favor of the person taxed.

The application of the rule in the present case, as shown by the facts, would be manifestly unfair and unjust to the Government.

An assessment alleged to be excessive cannot be set aside by this Court, when the excess is due to a mere error of judgment on the part of the assessor.

OPINION OF THE COURT, BY FREAR, J.

This is an action of assumpsit to recover $200 paid December 15th, 1893, under protest, by the plaintiff to the defendant as taxes alleged to have been illegally assessed upon a tract of land called "Waihee," in Koolaupoko, Oahu. The land which is leased for thirty years from March 15th, 1869, at a yearly rental of $400 was returned by the plaintiff at $3200, this being eight years rental; but the assessor increased the valuation to $20,000. The case comes here on plaintiff's appeal from the District Court of Honolulu. At the trial in that Court the defendant was of the opinion that the property was worth $20,000, and the plaintiff admitted that if unincumbered by the lease it would be worth $15,000,

whereupon the defendant accepted the admission for the purposes of this case.

The defendant contends that this is at most merely a case of over valuation for which the only remedy is an appeal to the Tax Appeal Court provided by the statute (Laws 1892, Ch. LXI., Sec 49.)  The plaintiff contends that the case is one in which the construction of a statute is involved, and therefore cognizable by a court of law, as decided in *Knudsen vs. Stoltz*, 8 Haw. 81.   We are of the opinion that the view of the plaintiff on this point is correct, but that, it has not been shown that an erroneous construction was put upon the statute by the assessor.

The question is whether the assessment should have been based upon eight years rental, or upon the full value of plaintiff's interest in the property.   The tax law above cited prescribes the following rules for estimating the value of taxable property.

" Section 26.   The full cash value of all real property and all personal property, and of the interest of any person in real or personal property, within the meaning of this Act, shall be estimated at a sum which such real or personal property or such interest therein might reasonably be expected to bring at a sale by public auction for cash.   Provided, always, that when any real estate or house is leased or rented, the sum of eight years rental shall be the assessment value of such real estate or house, unless such valuation shall be manifestly unfair or unjust.

" Section 27.   The interest of every person in any property shall be separately assessed (except as herein provided in respect to shareholders in or members of companies) and every person shall be liable to taxation in respect of the full value of his interest in such property."

The proviso of Section 26 is the part of the statute to be construed.   It is argued by the plaintiff that this is a positive rule of law requiring an assessment of eight years rental, subject only to the qualification " unless such valuation shall be manifestly unfair or unjust; " that this

qualification was made only in favor of the person taxed; or, if made in favor of the government as well, then the burden of proof was on the government to show that it applies to this case, a showing which, it is argued, has not been made. For the defendant it is argued that this proviso is a mere guide to the assessor, that it is not obligatory upon him, its force being destroyed by the qualification attached to it; or if more than a mere guide, the qualification applies in favor of the government as well as in favor of the party, and has been shown to apply in this case.

It seems to us that the rule is something more than a mere guide. Under the tax law of 1882 (Ch. XLIII., Sec. 25) there was no qualification of this kind attached to the proviso. Under the law of 1886 (Ch. XXXVII., Sec. 6) the proviso was altogether omitted. In 1892, as above shown, the proviso was again enacted, but, apparently to provide for exceptional cases, the legislature added the qualification in question. It will be noticed that a departure from the rule is authorized only when its application would be *manifestly* unfair or unjust. This shows that the rule was intended to be adhered to except in cases where to do so would be evidently, plainly, obviously, unfair or unjust,— where, perhaps, there could be no reasonable difference of opinion. See Matter of Hermmance, 71 N. Y., 481, and the Century Dictionary, on the meaning of the word "manifest."

The qualification applies in favor of the government as well as in favor of the person taxed. There is nothing in the statute to indicate a contrary intention; and, since the application of the eight year rule might be unfair in some cases to the public as well as in other cases to the person taxed, the qualification was presumably made in favor of both parties. This is also in harmony with the general spirit and purpose of the tax law, which is that all property shall be equally taxed. The statute, in Section 11, provides for a tax of one per cent. upon all property, real and personal, with certain exceptions inapplicable to this case, and in Section 27 and the first part of Section 26, above

quoted, it provides that every taxable interest shall be taxed separately at its full value, that is, at the sum which it might reasonably be expected to bring at a sale by public auction for cash. The proviso of Section 26 was not intended as an exception to this rule, but the legislature considering, as it apparently did, that the value of real estate is usually about eight times its fair yearly rental, and that the fair yearly rental usually does not vary much from the rental actually received prescribed as a rule of convenience and approximate correctness in most cases, considering how difficult it is to correctly estimate values, that the value of the landlord's interest should be estimated at eight years rental. It is apparent that the legislature intended that the value of the landlord's interest estimated in this way should be as a rule nearly equivalent to the value at which it would probably be estimated in the absence of the rule. But while this might usually be the case, it is evident that in some cases, by following the rule, the assessment would be much too high or too low—manifestly unfair or unjust either to the person taxed or to the government. It was to provide for such cases, where the unfairness or unjustness would be manifest, that the qualification was added; and the unfairness to the government might be just as manifest as that to the person taxed. This variation of the full value from the eight years actual rental, might be due to a number of causes, temporary or permanent. One cause, suggested by the facts of this case, is the gradual increase or decrease in the value of land under lease for a long term of years, while the rent remains constant. It was argued by counsel that the question, so far as the government is concerned, is merely one of apportionment of the tax between the landlord and the tenant, and that therefore the question of unfairness to the government could not arise, since what would not be obtained from the landlord would be obtained from the tenant. But this is not so. The tenant's interest must be assessed by itself at its true value, irrespective of the assessment of the landlord's interest. Now if, for instance, during a long term the land

should greatly increase in value, the interests of both tenant and landlord would increase in value, but while the assessment of the tenant's interest would be increased, so far as this cause is concerned, the assessment of the landlord's interest, if the eight year rule were followed, would remain the same, and the increase in the value of his interest would not be assessed to any one. Suppose, for instance, the land is worth, as agreed in this case, $15,000, and suppose the term is about to expire. The tenant's interest would then be assessed at only a nominal value, if at all; the landlord's interest would be assessed at $3200, and a value of $11,800 would not be assessed to any one.

It is unnecessary for us to decide upon whom the burden of proof lies to show that the valuation of eight years rental is " manifestly unfair or unjust," for, admitting for the purposes of this case that the burden is on the assessor, it seems to us that this has been shown. The defendant himself admits that the land unincumbered by the lease is worth $15,000. Its fair yearly rental estimated on the basis of the statutory rule would be one-eighth of this amount or $1875, an excess of $1475 over the rent actually received. The lease at the time as of which the land was assessed, had about five and three-fourths years to run. Without taking the present worth of $1475 a year for this length of time but, favorably to the plaintiff, taking the whole amount, five and three fourths times $1475, we find that not quite $8500 is the most that the plaintiff could say that the value of his land is depreciated by reason of the lease. This would leave not less than $6500 as the value of the land incumbered by the lease, or more than twice the amount at which it would be assessed on the basis of eight years rental. It is obvious therefore that to apply the rule in this case would be manifestly unfair and unjust to the government. It would be to allow at least one half of the value of the plaintiff's interest to escape taxation.

The assessment of $20,000 which was made in this case would seem to be very unfair and unjust to the plaintiff, and no doubt would have been reduced by the Tax Appeal Court

if an appeal had been made to that body. But this excessive assessment is a wrong which we cannot rectify. The statute provides that the eight year rule shall not apply where it would be manifestly unfair or unjust. But when the case is once taken out of this rule, the landlord's interest is to be assessed like any other interest at its estimated value. As decided repeatedly by this Court, we cannot rectify a mere error of valuation. In *Mika vs. Knudsen*, 8 Haw. 196, the landlord's interest was assessed at $35,000, the yearly rental being $750, and the lease having several years to run. The Court held that it could not interfere. In *Knudsen vs. Stoltz, supra*, it appeared, as it does not in this case, that the value was estimated on a wrong legal principle.

The judgment of the District Court is affirmed.

*F. M. Hatch*, for plaintiff.

*W. O. Smith, Attorney-General*, for defendant.