## E. A. McBRYDE *vs.* J. KALA, Tax Collector.

### ASSUMPSIT. BEFORE JUDD, C.J.

### SEPTEMBER, 1884.

Questions of over-valuation or wrong ownership should be settled by the Court of Tax Appeals: but the Supreme Court has jurisdiction of cases involving construction of the statutes, or where principles of law are violated: which would include double taxation.

Under the Tax Law of 1882, taxation of a "debt" is illegal.

### DECISION OF JUDD, C.J.

This is an action to recover $116.25 paid in 1883 under protest, by the plaintiff to the defendant, as tax-collector of Koloa, Island of Kauai; and the plaintiff seeks to recover this sum as being the taxes on the amount of $15,513 owing the plaintiff by Theo. H. Davies & Co., of Honolulu. It appears that Theo. H. Davies & Co. made due return of their property to the tax assessor of Honolulu, without deducting the debt of $15,513, due from them to the plaintiff.

The Minister of Finance comes in for the defendant and demurs.

The first point to be considered is whether the Court has jurisdiction. It is urged by defendant's counsel that plaintiff should have appealed from the assessment of this tax to the Court of Tax Appeals.

The decisions of this Court of limited jurisdiction are by Sec. 50 of Chapter 43 of the Acts of 1882, declared to be final and conclusive, but they can only be so upon matters of which

34

the Court has jurisdiction by appeal of the aggrieved taxpayer.

Section 40 of the Act is as follows: "Any person whose name may appear on such tax list, and who shall have made his returns to the assessor as hereinbefore provided, and if entitled to exemption, shall have claimed such exemption, and who may deem himself aggrieved by any excess made by the assessor in the valuation of the property as returned, or in the amount or character thereof, or whereby the amount payable by such person is increased beyond the amount which would be payable by him according to such return, or whose claim for exemption shall not have been allowed, may appeal from such assessment on lodging with the tax assessor on or before the 1st day of October, a notice in writing, stating his grounds of objection to his assessment or to such portion thereof as the objection applies to, and depositing therewith a sum for cost of appeal as follows."

There can be an appeal taken where (a) there has been an excessive valuation by the assessor of the property returned; (b) or where the amount of the property is increased from the return (here cases where property is assessed to a person who is not the owner are provided for) ; (c) or where the character of the property is changed so that it is subject to greater taxation; (d) or where the amount of taxes to be paid is increased by the assessor beyond that payable by the appellant according to the return, without changing the character of the property (here errors in calculation can be corrected) ; (e) where statutory claims for exemption are not allowed by the assessor.

If the above analysis of the statute be correct, the cases where constructions of the act are involved or principles of law are violated, which would include cases of duplicate taxation, are not covered by the statute.

Of these, the Supreme Court, by the law which gives it jurisdiction over all cases in law and in equity, has jurisdiction. Sections 819 and 829 of the Civil Code, and Article 67 of the Constitution.

Pure questions of over-valuation, or of including property of

which the person sought to be held liable is not the owner, can be remedied by an appeal to the "Court of Tax Appeal," where these matters can be corrected, and there seems to be no reason to doubt that they cannot be corrected by resort to an action at law. See *Howe vs. Boston,* 7 Cush., 273; *Lincoln vs. Worcester,* 8 Cush., 55; Cooley on Taxation, p. 528; *Castle vs. Luce,* 4 Hawn., 63.

The question in the case before me is whether a "debt" is subject to taxation. This is a question of law. By the Civil Code of 1859, Sec. 483, the term "personal property" shall be construed to include all household furniture, goods and chattels, wares and merchandise, all ships and vessels whether at home or abroad, all moneys in hand and moneys loaned, all mortgages, public stocks, stocks in corporations, and every species of property not included in real estate.

Section 16 of the Act of 1882, now in force, prescribes that the term "personal property" for the purposes of this act shall be deemed to mean and include all household furniture and effects, goods, chattels, wares and merchandise, all ships and vessels whether at home or abroad, all moneys in hand, leasehold and chattel interests in lands and real estate, growing crops, public stocks and bonds, and all domesticated animals not herein specifically taxed.

It was the manifest intention of the Legislature of 1882 to no longer tax as property "debts" or evidence of indebtedness, whether secured or unsecured, and to impose taxes only upon tangible property. The words of the former law, "moneys, notes of hand, unsecured debts," are omitted in the present, and "all moneys in hand" substituted therefor.

Only actual cash in hand is taxable. The imposition of a tax upon promissory notes, book debts, accounts owing, in fact every species of mere representatives of value, is by the present law illegal. The only exception to this is that of "public stocks and bonds," and the provision that the mortgagor of property which is mortgaged is liable to taxation (as between him and the mortgagee), on the difference between the whole value of the

property mortgaged and the amount of the money due on the mortgage, and this was so enacted in order to avoid the imputation of double taxation.

The tax collected of the plaintiff, being upon a debt owing her by a third party, was illegally collected, and having been paid under protest should be returned.

The demurrer is overruled.

The defendant's counsel intimating that he has no further answer to make, judgment may be entered for the plaintiff for $116.25 without interest or costs.

*W. R. Austin,* for plaintiff.

*W. A. Whiting* (Deputy Attorney-General), for defendant.

Honolulu, September 30th, 1884.