V. KNUDSEN *vs.* L. H. STOLZ, Deputy Collector of Taxes.

EXCEPTIONS.

HEARING, APRIL 25, 1890.  DECISION, MAY 31, 1890.

JUDD, C.J., McCULLY AND BICKERTON, JJ: DOLE, J., ABSENT.

The Supreme Court has jurisdiction to hear cases relating to the assessment and collection of taxes, notwithstanding the provision of a Tax Appeal Court, from which there is no appeal, whenever it appears that there are involved questions touching the constitutionality or construction of the Statute.

The existence of a clause in a lease providing that the lease shall not be assigned by the lessee without the previous consent of the lessor, under penalty of forfeiture of the lease, does not exempt such leasehold premises from the tax to which leaseholds are liable.

A tax which was based on an estimate of the income derivable through the remainder of the term of the lease, held to be virtually an income tax, and not legal.

OPINION OF THE COURT, BY McCULLY, J.

The case comes up on a bill of exceptions from a judgment rendered by Chief Justice Judd, who tried the case, a jury being waived. The exception is in general terms to the decision and judgment, and says that the Court erred in giving judgment for the plaintiff, and says that said decision is con-

trary to law and the evidence given, and refers to and makes a part of the bill the evidence taken and exhibits filed. What is necessary from these will be stated in the opinion. The defendant is the assessor and tax-collector of the plaintiff's district. The plaintiff paid him, under protest, the sum of $1,800, to recover which he brings this action.

In the general exception a contention is made that the Court has not jurisdiction herein, because the law has provided another court, the Court of Tax Appeals, having exclusive and final jurisdiction. This point was not presented as a plea in bar, requiring to be decided as a preliminary, hence the whole case was heard without a decision on this head.

The Statute, as last amended, is Sec. 40, of Chap. 68, of the Laws of 1888, which is as follows:

"Any person whose name may appear on such tax list, and who shall have made his returns to the assessor as hereinbefore provided, and, if entitled to exemption, shall have claimed such exemption, and who may deem himself aggrieved by any excess made by the assessor in the valuation of the property as returned, or in the amount and character thereof, or whereby the amount payable by such person is increased beyond the amount which would be payable by him according to such return, or whose claim for exemption shall not have been allowed, may appeal from such assessment on lodging with the tax assessor, on or before the fifteenth day of November, a notice thereof in writing, stating the grounds of his objection to the assessment, or to any part thereof, and depositing therewith the costs of such appeal."

The plaintiff has claimed and claims that he is entitled to an "exemption" which has not been allowed, and that the "amount and character" of his assessment are erroneous in law. The Court of Tax Appeal has decided against his claims, affirming the assessment of the assessor. He has paid the judgment under protest, and now in this Court brings his action to recover the amount. Is he barred?

In *Widemann vs. Minister of Finance,* 3 Hawn., 789, the Court says the Legislature has constituted a tribunal, which

tribunal is not the Minister of Finance, therefore the Minister is not authorized to abate taxes. In *Bishop vs. Judd*, 4 Hawn., 30, the Court quote the above case as authority for the proposition that a special remedy, which is exclusive by appeal to the Tax Appeal Board, has been provided for parties who have been wrongly assessed. In the first of the above cases the Court could not give the plaintiff relief although in a case where the assessment was claimed to be clearly erroneous, because he had made no return and therefore was bound by the action of the assessor, but in the second, the Court says that the plaintiffs claimed that the law was unconstitutional, "a matter which could not be raised before the Tax Board nor be brought from the Board to this Court, no appeal therefrom being provided." In *Smith vs. Kockemann*, 3 Hawn., 320, the Court considered whether property was entitled to exemption which was held by a church for its use and benefit; and in *Bishop vs. Gulick*, 7 Hawn., 627, whether property held in trust for the support of a school was exempt. In *Haiku Sugar Co. vs. Birch*, 4 Hawn., 275, the Court considered whether a valuable water ditch was exempt from taxation as against the claim that the usufruct of it was taxed in the land to which the water was applied for irrigation. In *Turton vs. Kapena*, 5 Hawn., 278, the Court entertained the question whether there had been an error in the assessment with respect to certain mortgages, it being claimed that there had been an erroneous construction of the statute by the assessor.

In *Castle vs. Luce*, 5 Hawn., 321, the claim was for the refunding of a sum paid as taxes, under protest, upon annual premiums received, the plaintiffs contending that the statute applied only to premiums received on new policies issued. In *Hilo Sugar Co. vs. Minister of Finance*, 7 Hawn., 665, the question was upon the exemption or liability upon merchandise shipped for export, but not yet transported beyond the Kingdom on the first day of July. In *Union Feed Co. vs. Luce*. 7 Hawn., 64, the Court held that the plaintiff was bound by the amount of the assessment fixed by the assessor, without right

of appeal to the Tax Appeal Board, since it had not made its return within the time prescribed by the statute.

From this review of all the reported tax cases in the Supreme Court, we derive the rule that in all cases where there arises a question of the constitutionality or construction of law, the matter may be heard in the Supreme Court, and for this reason the Board of Tax Appeal is not the Court of final resort for the determination of the law in this Kingdom, but the Supreme Court is, and there cannot be an inferior jurisdiction which shall exclude the jurisdiction of the highest tribunal, in questions of law. These cases have not come to the Supreme Court by appeal from the Tax Appeal Board, no appeal lying therefrom. They have been brought in some instances as submissions without action, between the owners of property and the Minister of Finance or the tax collector, and sometimes as actions against the collector for recovery of money paid under protest.

The Court has in no case reviewed the discretion of the assessor in fixing a value merely. For a mere excess made by the assessor in the valuation of property as returned, the only remedy is in the Tax Appeal Board. The return must have been made within the time prescribed by law. It does not appear in any case that resort may be had to the Supreme Court unless a return has been made to the assessor and the claim of exemption made therewith. The tax in question is laid upon the value of two leases from the Commissioners of Crown Lands to the plaintiff. The leases each contain a covenant that the lessee will not demise, let, sell or assign the premises without the license and consent of the lessee in writing first obtained, under penalty of forfeiture of the lease. Leasehold interests in lands and real estate are personal property and taxable. (Sec. 16 of Tax Act, p. 120, C. L.) The interest of any person as tenant, lessee or occupier of any real estate that is exempt from taxation shall be assessed to such person, who shall be liable to taxation in respect of such interest. (Sec. 27, p. 122, C. L.) By this provision the lessees of Crown Lands, which are exempt from taxation, are liable to taxation upon their leases. The plaintiff's contention that he is not so

taxable is based on Section 28, found as amended at page 61 of the Acts of 1886 : the full cash value of the interest of any person in any real or personal property shall be estimated at a sum which such interest might reasonably be expected to bring at a sale by public auction for cash : in that a lease which is forfeitable by a sale or transfer is of no value. If this view of the law were correct it would have a wide application, not limited to Crown Land leases. It is a common provision in leases. If by the insertion of a clause for non-assignment the lease could be exempted from taxation it would become by so much more valuable, and it would be a question between landlord and tenant who should take the annual sum thus protected from the tax-collector. It is safe to say that tenants would pay no more taxes in this kingdom.

It is to be observed that upon consent being given to assign, these leases may be sold—so they have a value, if the lessor permits. The liability of property to taxation then would depend, not upon the law, but upon the will of lessors—a construction leading to a legal absurdity. These leases are made to the lessee, " his successors, administrators and assigns." No one will contend that they are not valuable personal property passing to the lessee's administrators without condition, and to assigns upon a condition. But the provision of Sec. 28 must be considered a rule of estimation merely. Under such a rule, the value of the leasehold property to the plaintiff might be rated. So property in which the holder has only a life interest has a value assessable, although not saleable, and it would not be the value of the life interest which would be assessed, but of the entire estate—going to the foundation of the rule in the Statute. How is the estimate of the sum which a property would sell for made, but upon the view of the income, rents or usufruct derivable from it, and the certainty thereof, in connection with the rates of interest on money ? And what such income is to the owner without a sale, affords the basis of its value to him who is the person now to be taxed. We hold that a leasehold with such a clause against assignment is not thereby exempted from taxation.

Upon the remaining question, of the legality of the tax imposed, we cite and adopt the statements and reasonings of the learned Chief Justice :

" The evidence shows that the plaintiff has a contract for cultivating sugar cane on parts of the leased premises, which produced him a profit of about eighteen thousand dollars for the year 1889. About eight hundred and ninety (890) acres of the premises held under these leases are cane land. The uniform rate of assessment for cane land, adopted by the assessors for the island of Kauai, is one hundred dollars per acre. The assessor claimed that he figured the value of the leasehold interest at one hundred and eighty thousand dollars, because an income of twenty thousand dollars a year for the remainder of the term of the leases would amount in eighteen years to three hundred and sixty thousand dollars, and he allowed fifty per cent. of its valuation for possible contingencies, and assessed it at one hundred and eighty thousand dollars, of which the tax, at one per cent., would be eighteen hundred dollars. It will thus appear that the leasehold interest is assessed for double the amount that it would have been assessed at if the land were owned in fee simple by the plaintiff.

" While I am not authorized in this case to consider questions of mere excess of valuations, this fact shows to my mind that the assessor has not in fact assessed the value of the leasehold interest, but he has assessed to the plaintiff the probable income from the contract for cultivation of cane during the next eighteen years.

" Our law does not recognize the validity of a tax upon income. Only tangible property . is assessed, and cash, and although I recognize the correctness of the principle that the leasehold may have taxable value as such, yet the facts of this case show to me conclusively that this has not been done in this case. It is not a correct principle to tax a man yearly on the full amount of his profits on a contract for a series of years. An income tax would only make him pay his income for the year of assessment. In this case, if this assessment should be allowed to stand, the plaintiff would be paying every year a tax upon

the whole amount of his gains for eighteen years, which would be a gross injustice.

"For these reasons I find that the assessment of the value of the contract is illegal, and that the plaintiff should recover the sum which he claims."

The exceptions are overruled and judgment for the plaintiff affirmed.

*A. S. Hartwell* and *F. M. Hatch,* for plaintiff.

*Attorney-General C. W. Ashford,* for defendant.