HILO SUGAR COMPANY *vs.* J. TUCKER, Deputy Tax
Collector.

SUBMISSION ON AGREED FACTS.

HEARING, JUNE 25, 1890.    DECISION, JUNE 25, 1890.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

A Sugar Plantation returned to the Assessor its various tracts of lands, held
   by it under lease, at a value of $15 per acre, which was raised by the
   Tax Appeal Board to $20, as the value of cane land held in fee simple;
   and paid the taxes thereon. The Plantation was assessed on these
   same lands the sum of $19,113.25, as the value of their leasehold inter-
   est in the same.

Held, that as the leasehold interest was assessed close up to the assess-
   ment on the reversion, it was double taxation, and taxes paid there-
   on under protest can be recovered.

OPINION OF THE COURT, BY DOLE, J.

It does not appear from the record how this cause has reached
the Court in Banco, but it was argued before us under an un-
doubted mutual understanding of both sides. The following
agreed statement of facts and issues of law was submitted by
counsel of both parties.

The Hilo Sugar Company is lessee of various tracts of land, con-
taining in all an area of 1283 acres, under covenant to pay taxes.
The Hilo Sugar Company returned these lands for taxation
by name at the same rates per acre as their fee simple lands of
similar nature, viz., Fifteen dollars ($15) per acre for cane lands
and one dollar per acre for bush land. The Board of Tax Ap-
peal raised the assessment of cane land to twenty dollars ($20)
per acre. Taxes at this valuation were paid by the Hilo Sugar
Company upon all of said lands.

The Hilo Sugar Company were further assessed upon these

lands the sum of nineteen thousand one hundred and thirteen 25-100 dollars ($19,113.25) as the value of their leasehold interest in the same in addition to the amount returned by the company, and paid the tax on same under protest. The Hilo Sugar Company made no separate return of their leasehold interest.

The qustions agreed to be submitted are :

1. Can there be legally assessed against a tenant upon his interest an amount greater than the established value of similar land held in fee simple ?

2. Can assessment legally be made against a landlord's interest and a tenant's interest, the sum of which would be greater than the assessable value of the same land held in fee ?

3. The Hilo Sugar Company having made no separate return of their leasehold interest in the above named lands, can they maintain this suit ?

A deposition of John Scott was also filed by both counsel as evidence.

It appears from the evidence that the plaintiff having covenanted with his lessors to pay the taxes that should be payable upon the lands under the several leases, undertook to make returns of such taxes directly to defendant, the Deputy Assessor, which arrangement the Deputy Assessor fell in with, and looked to the plaintiff alone instead of his lessors for the assessment returns and the taxes of the lands in question.

This method was irregular, for a private agreement between lessor and lessee that the latter should pay the taxes does not affect the liability of the landlord to the Government. Such an agreement is purely a private matter between the parties to the lease, and gives the lessor a claim upon the lessee for all taxes which he is required to pay on account of the leased land. (*Brown*, Assessor, *vs. Smith*, No. 726, Interm. Div.)

The defendant's position is that if we regard the first taxes paid by the plaintiff as the taxes upon the landlord's interest in the land, as they were clearly intended to be, there is nothing to prevent a further assessment against the tenant, the plaintiff, for his interest in the same land under his lease. He should have made a return of his leasehold interest—as he actually did

in the case of two of the lands for which he had not convenanted to pay the landlord's taxes, but not having done so, it devolved upon the assessor to assess such interest, "according to the best information within his reach." This was done, and there is no appeal from such assessment.

We have, therefore, to consider whether this Court has juris-diction over the cause. It has been the practice of Courts to re-fuse to investigate complaints based upon the charge of over assessment, as appeals from such assessments to the Tax Appeal Courts are provided by statute, except in cases of a failure to make any return within the time required by the statute.

But the plaintiff claims that inasmuch as the taxes already paid upon the land are assessed upon its full value, as if no lease existed, which appears to be admitted by the defendant, there is no value remaining which may be assessed as the tenant's interest, and that the assessment, being therefore made upon an erroneous principle, is illegal.

It is doubtless a correct principle of law, that the reversion and the leasehold interests of real estate held under lease are together worth only the unincumbered value of the land. There may be, in certain circumstances, exceptions to this rule, but it must be generally regarded as giving the true status of the mu-tual relations of such interests.

In the matter before us the reversion was assessed to the full value which had been fixed by the Tax Appeal Court as the as-sessable value of such lands in the district, which assessment the plaintiff submitted to. This consumed the whole value of the land in question and left no surplus value to be assessed on account of leasehold interests there. But the Deputy Assessor did assess such interest and for a large amount, i. e., $14.89 an acre for both cane land and bush land. As we do not know the comparative areas of the cane land and bush land, we cannot say whether this assessment was more or less than the assess-ment on the reversion, which was $20 an acre for cane land and one dollar an acre for bush land, but it is safe to say that the leasehold interest was assessed close up to the assessment on the reversion. This was clearly wrong, and by it the Govern-

ment has received nearly double the taxes it was entitled to from the land in question.

It is not for us to review the judgment of the Assessor in estimating values, but we may interfere where the assessment is illegal, and we think the one submitted to us is so for the reasons we have given, and in brief, not so much because the assessment upon the leasehold interest was excessive, as because it was made at all, after the value of the land had been fully assessed against the reversion.

The fact that the plaintiff made no returns of its leasehold interest is no bar to this suit, the assessment complained of being illegal. *Phelps vs. Thurston,* 47 Conn., 485; *State vs. Ross,* 23 N. J. L., 521; *State vs Quaife, Id.,* 89, and *State vs. Metz,* 31 N. J. L., 365.

It will be seen that in the foregoing opinion we have substantially answered the questions submitted so far as they are applicable to this cause, and we need not refer to them further.

Let judgment be entered for the plaintiff for $191.13, with interest from December 14th, 1887, the date of the payment of the taxes under protest.

*F. M. Hatch,* for plaintiff.

*A. P. Peterson, Attorney-General,* for defendant.