# IN RE ASSESSMENT OF TAXES, EMILY K. MEHRTEN.

### APPEAL FROM TAX APPEAL COURT, HONOLULU.

### SUBMITTED NOVEMBER 11, 1901. DECIDED NOVEMBER 26, 1901.

### FREAR, C.J., GALBRAITH AND PERRY, JJ.

Under our statutes, one who returns land for assessment purposes as
sole owner without mention of a lease to which it is subject, can-
not on appeal set up the lease to show that he had a less interest
than that returned.

### OPINION OF THE COURT BY FREAR, C.J.

This is an appeal by the Tax Assessor from the assessment
by the Tax Appeal Court of a lot in Honolulu having a front-
age of 345 feet on Alakea street, 32 feet on Queen street and
97 feet on Halekauwila street, and an area of 18,987 square
feet. The lot is subject to a lease made in January, 1895, for
fifteen years at an annual rental of $900. It seems not to be
disputed that the lot, if unincumbered by the lease, would be
worth $25,000. The value of the landlord's interest would be
$7,200 if estimated by the eight year rule. Civ. L. Sec. 820.
This is the amount returned by the tax payer and fixed by the
Tax Appeal Court. To apply that rule in this case, however,
would be "manifestly unfair or unjust," to use the language of
the statute, and therefore it should not be done. See the case
of the *Bishop Estate, ante* 671. Consent was given before the
Tax Appeal Court to an assessment of $15,000, but that court
nevertheless adhered to the eight year rule. We need not make
an estimate of the value of the property subject to the lease. In
our opinion, the statute made the assessment by the assessor

conclusive and not subject to appeal so far as the outstanding lease is concerned.

This case is much like that of the *Bishop Estate, supra,* in that a return was made of the property as if owned in fee simple and no mention was made of the outstanding lease. It differs from that case in that no further time was given for furnishing information as to the lease, and no such information was furnished, and, as far as appears, the assessor knew nothing about it. It is true the Honolulu Iron Works, the lessee, gave in its return a list of the leases held by it and among them the following: "Alakea and Queen Sts. (E. & J. Mehrtens) $900." But this was in the return of another party, the description is very brief, and the names of the lessors are given as "E. & J. Mehrtens," while the return in the present case is "Mrs. Emily K. Mehrtens." We cannot presume from this that the assessor knew that the lease mentioned in the return of the Honolulu Iron Works was that attempted to be set up now or that he had that in mind when assessing the property in question, even if we could hold that, if he did know it, the tax payer could set that up in the present proceeding under the circumstances. The statute (Sec. 821) provides that the interest of every person shall be separately assessed, and that (Sec. 870) leases, mortgages, &c., on property shall be set forth in the return. One who makes a return as sole owner without mention of leases, &c., cannot complain if he is assessed accordingly, the assessor not knowing of interests of lessees, &c. On appeal in such case, the rental might be shown as bearing on the question of the value of the property but the lease could not be set up to show that the one making the return had a less interest than that returned.

The assessment of $7,200 by the Tax Appeal Court is set aside and the assessment of $25,000 by the assessor is allowed to stand.

*Robertson & Wilder* for the assessor.

*Holmes & Stanley* for the tax-payer.