*Robertson & Wilder* for defendant.

---

JONATHAN SHAW, Tax Assessor *v.* CHARLES W. BOOTH.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JANUARY 15, 1902.     DECIDED MARCH 24, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

One does not cease to be the owner of a tract of land for the purposes of taxation by merely entering into an executory agreement to convey the same upon certain conditions not yet performed.

Under a statutory provision that different items of property and different interests in property should be assessed separately, an assessment in good faith to one person of a whole tract which was previously owned by him and which could properly be assessed as a whole to him if wholly owned by him is not wholly void merely because he had sold a small portion of the tract without the knowledge of the assessor.

In such case, as in cases of mere overvaluation, the sole remedy is by an appeal from the assessor to the tax appeal court and not by an action or defense in an action at law, and if the party has neglected to make a return as required by the statute he cannot appeal to the tax appeal court and has no remedy.

Assumpsit for the collection of taxes. After judgment for the plaintiff in the District Court, the defendant paid all the taxes assessed to him except those in respect of one tract of real estate, and contested only the latter in the Circuit Court on appeal as he does now in this court on exceptions. This tract is known as Pacific Heights and consists in general of the ridge between Nuuanu and Pauoa valleys. It was assessed at $100,-000 for the land and $50,000 for the improvements, and the amount in dispute is $1,500 taxes and $1,50 penalty for not having paid the taxes when due.

The first contention is that the defendant was not taxable at all in respect of this land for the reason that he had sold it to one C. S. Desky prior to the date, Jan. 1, 1900, as of which it was assessed. It appears, however, that he had not sold the land but had merely agreed to convey it provided Desky within eighteen months from the date of the agreement paid him $50,000 and paid or secured the payment of $50,000 more and performed certain other conditions such as laying out the tract into blocks and lots, making improvements, &c., the failure to do and perform which within the time limited, time being made of the essence of the contract, was to work a forfeiture of all of Desky's rights under the agreement. It is clear that the defendant remained the owner of the property and that Desky had merely a right to acquire it upon his performance of certain conditions. Under such circumstances the property was assessable to the defendant. *Tracy v. Reed*, 38 Fed. Rep. 69. See also *Howe v. Boston*, 7 Cush. 273.

It is contended further that the whole assessment was void for the reason that the defendant had actually conveyed a small portion of the land prior to the date as of which it was assessed— in pursuance of a clause in the above mentioned agreement to the effect that the defendant should, subject to certain conditions as to area, price and application of the purchase money, convey

portions of the land to such purchasers as might be procured by
Desky. Of course if a portion of the land had been so conveyed
(and for the purposes of this case we must assume that it had
been) that portion should not have been assessed to the defend-
ant. But can the defendant raise this question in this action?
He did not make a return and so the assessor made "the assess-
ment according to the best information within his reach." Civ.
L. Sec. 872. It is not disputed that he did so make the assess-
ment or that he did not know that the defendant had conveyed
any of the land prior to the date as of which it was assessed. Nor
is it contended that he acted fraudulently. Was not the defend-
ant's sole remedy, if any, an appeal to the tax appeal court?
Not having made any return he lost that right of appeal. Civ.
L. Secs. 872, 875. At any rate he took no appeal to that court.
The general rule is, both here and elsewhere, that when the stat-
ute gives a right to appeal in tax matters to a special court or
board, such appeal is the sole remedy as to all questions that are
within the jurisdiction of such court or board, but, of course,
not as to other questions. In general, questions of judgment and
fact are for the assessors and the specially constituted tax courts
and questions of constitutionality, construction, procedure and
applicable principles of law are for the regular courts. *Knudsen
v. Stolz,* 8 Haw. 81; *Mika v. Knudsen, Id.* 196; *Parker v.
Shaw,* 9 *Id.* 407. When the assessor includes in his list a small
portion of land that does not belong to the person to whom it is
assessed but which did belong to him as part of a larger tract, the
greater portion of which still belongs to him, and the sale of the
small portion of which was unknown to the assessor, is the rem-
edy in the tax appeal court or in the regular courts? The classes
of questions over which jurisdiction is given to the tax appeal
courts are set forth in Civ. L. Sec. 875, which reads as follows:

"Any person whose name may appear on such tax list, who
shall have made his return to the assessor as hereinbefore pro-
vided, and, if entitled to exemption, shall have claimed such ex-
emption, and who may deem himself aggrieved by any change
made by the assessor in the valuation of the property as re-

turned; or in the amount and character thereof, or whereby the amount payable by such person is increased beyond the amount which would be payable by him according to such return; or whose claim for exemption shall not have been allowed, may appeal from such assessment on lodging with the assessor or deputy assessor on or before the twentieth day of July, a notice thereof in writing, stating the grounds of his objection to the assessment or to any part thereof, and depositing therewith the costs of such appeal."

In construing a substantially similar section in *McBryde v. Kala,* 6 Haw. 529, Chief Justice Judd said:

"There can be an appeal taken where (a) there has been an excessive valuation by the assessor of the property returned; (b) or where the amount of the property is increased from the return (*here cases where property is assessed to a person who is not the owner are provided for*); (c) or where the character of the property is changed so that it is subject to greater taxation; (d) or where the amount of taxes to be paid is increased by the assessor beyond that payable by the appellant according to the return, without changing the character of the property (here errors in calculation can be corrected); (e) where statutory claims for exemption are not allowed by the assessor. * * * *Pure questions* of over-valuation, or *of including property of which the person sought to be held liable is not the owner, can be remedied by an appeal to the 'Court of Tax Appeal,'* where these matters can be corrected, *and* there seems to be no reason to doubt that they *cannot be corrected by resort to an action at law.* See *Howe v. Boston,* 7 Cush., 273; *Lincoln v. Worcester,* 8 Cush., 55; Cooley on Taxation, p. 528; *Castle v. Luce,* 4 Hawn., 63."

If that construction of the statute is correct it is apparent from the words that we have italicised that the defendant's sole remedy, if any, lay through an appeal to the tax appeal court. To the cases cited with approval in the opinion just referred to in support of this view we may add *Bourne v. Boston,* 2 Gray 494; *Salmond v. Hanover,* 13 Allen 119; *Davis v. Macy,* 124 Mass. 193, and *Altschul v. Gittings,* 86 Fed. Rep. 200.

It is true, the statute (Civ. L. Sec. 820) provides that "All real and personal property and the interest of any person in any real and personal property shall be assessed separately as to each

item thereof, "with certain exceptions not applicable to this case, and (Sec. 821) that "the interest of every person in any property shall be separately assessed." Under these provisions an assessment might be invalid if laid in a lump sum upon separate tracts even though they all belonged to the same person, or if it were laid to one person upon a single tract recognized as belonging to different persons, but not when laid upon a single tract as belonging to one person. In the *Mehrten* case, 13 Haw. 677, it was held that an assessment of the whole value of a tract of land to one could not be disturbed because of an interest of another therein unknown to the assessor, the person assessed not having returned her interest as such. If she had returned her interest alone doubtless the tax appeal court could have relieved her as to any other interest that the assessor might have added to her list. If the rule were as contended by the defendant, a person might neglect to make a return, leave the assessor to make the assessment and to bring suit, and then set up that the whole assessment was void because he had previously sold a small portion of the land or some interest therein without the knowledge of the assessor. In this instance it appears that the assessor did not know that the defendant had conveyed any of the land, that he made the assessment according to the best information within his reach, that he notified the defendant thereof, that the defendant then came to his office and talked the matter over with him and made no objection to the assessment of $100,000 on the whole land and did not claim to have conveyed any of the land, and even expressed a willingness to pay the taxes on the $100,-000 for the land, but objected to paying those on the $50,000 improvements, and then neglected to make a return though the time limited by the statute had not then expired.

If the defendant had no property whatever in the taxation district in question and if property were assessed to him there, he might be entitled to assert his right in the ordinary courts, for in such case he would be under no obligation to make a return in that district and there could be no legal assessment at all to him in that district. Such might possibly be the case also under

certain circumstances different from those in this case as to prop-
erty not owned by him, even if he had other property in the dis-
trict.

There are, it is true, expressions in some cases that appear to
be opposed to the view we have taken, but they are mostly under
statutes or facts essentially different from those involved in the
present case.

The exceptions are overruled.

*Robertson & Wilder* for plaintiff.

*J. A. Magoon* and *T. I. Dillon* for defendant.

### DISSENTING OPINION OF PERRY, J.

While concurring in the view that as between Desky and
Booth the land was, under the circumstances stated, assessable
to Booth, I respectfully dissent from the conclusion reached by
the majority to the effect that the defendant may not success-
fully defend in this action by showing that the assessment of
$100,000 was upon a whole tract only a portion of which be-
longed to the defendant at the date of the assessment.

: The contention that the assessment in question was upon that
portion only of Pacific Heights the title to which remained in
Booth on January 1, 1900, is entirely unsupported by any evi-
dence. The undisputed testimony clearly shows, on the con-
trary, that the assessment was made on the whole of the tract of
land known as Pacific Heights including the portions conveyed
by Booth prior to January 1, 1900, as well as the remainder not
so conveyed. In my opinion such an assessment is illegal and
invalid. Our statute not only requires that the interest of every
person in any property shall be separately assessed (Section 821,
Civil Laws) but also that all real and personal property shall be
assessed separately as to each item thereof. See Section 820.
The return required to be filled by each person is only of the
property *belonging to such person.* Section 870, Subdivision 1.
An examination of the statute as a whole shows that it was the

intention of the Legislature to have assessed against each person only the property belonging to him and not that of others.

Indeed it would seem that this would be true as a general principle, in the absence of a statutory provision to that effect, where the object is a fair distribution of the burdens of taxation. Nor can this, I think, be held to be a case of a "mere informality" within the meaning of Section 890, which provides that "no assessment or act relating to the assessment or collection of taxes shall be illegal or invalidate such assessment or collection, on account of mere informality, nor because the same was not completed within the time required by law." It is a matter of substance and not of mere form.

"It is also generally made a requirement that separate and distinct parcels of land shall be assessed separately. This is certainly essential where the lands are resident or seated and owned by different persons each of whom has a right to know exactly what demand the government makes upon him. And a failure to do this is not a mere omission, defect or irregularity which can be overlooked, under a statute which provides that assessments for taxation shall be valid, notwithstanding any omission, defect or irregularity in the proceedings. * * * The reasons are sufficiently manifest. If separate parcels of land belonging to different individuals and presumably of different values, can be assessed together, neither of the owners has any means of determining the amount of taxes which is properly chargeable to his property, and consequently no means of discharging his own land from the lien, and of protecting his title, except by paying the whole of the demand, some undefined and undefinable portion of which is neither in equity nor in law a proper charge against him. Nay, when the two parcels are owned by the same person if the statute requires a separate assessment, obedience to the requirement is essential to the validity of the proceedings." Cooley, Taxation, pp. 279-280. See also *Tracy v. Reed*, 38 Federal 69.

"An assessment of a whole tract to one who owns only a part of it is void."—Blackwell, Tax Titles, § 278. "An illegal assessment of real property imposes no obligation on the owner to pay the tax levied thereon and creates no lien on the real estate so assessed."—*Ib.*, § 194. See also *Barker v. Blake*, 36 Me. 433, 436; *St. v. Williston*, 20 Wis. 240; *Whitney v.*

*Thomas*, 23 N. Y. 285; *Hamilton v. Fond du Lac*, 25 Wis.
490-495; *Shimmin v. Inman*, 26 Me. 228, 233; and *Lane v.
Janesville*, 20 Wis. 321.

It is contended on behalf of the assessor that the defendant
cannot now avail himself of the defense sought to be presented,
because, assuming that the assessment included property not of
the defendant, the case becomes one of overvaluation merely,
and that the defendant having forfeited his right of appeal to
the Tax Appeal Court by his failure to make a return the asses-
sor's valuation is conclusive upon him. Section 872, C. L. It
would be deceiving one's self to call this a case of overvaluation.
It is no more such than it would be if the assessor had in express
words made an assessment of $75,000 on the unsold portions of
the land and $25,000 on the remainder, assessing the whole to
the defendant. In each instance the intent would clearly be to
place the valuation of $100,000 on the whole property and not
on the unsold portion only; and after all it is the intent of the
assessor in making the assessment, as expressed, which is to be
ascertained.

While it is, in my opinion, open to the defendant to establish
the fact that the assessment included land not his own, it would
not be competent for the court to apportion the assessed valua-
tion between the property of the defendant and that which was
not his, for that would be the equivalent of placing a valuation
on each of the classes of land, something which the court would
not be authorized to do except on an appeal from the tax appeal
court. It does not follow that the government is without a rem-
edy, for under Sections 853 and 890, the assessor may now pro-
ceed to make a valid assessment of the land owned by the defend-
ant on the date in question.

Section 875 of the Civil Laws, as I construe it, does not per-
mit an appeal by a taxpayer to the tax appeal court with refer-
ence to property as to which he has made no return. The words,
"or in the amount and character thereof," relate merely to prop-
erty as to which a return has been made; they may refer, for
example, to questions of area or as to whether a vehicle shall be

classed as one for the carriage of passengers or as one for the carriage of freight. *McBryde v. Kala*, 6 Haw. 529, is certainly to the contrary. Of that case, however, it may be remarked that the decision was by a single judge only and that the statements there made on the subject now before us were *obiter dicta*. The assessor may under § 853, "at any time add to his assessment or tax list any person or property theretofore omitted." If under that provision he assesses to one unreturned land belonging to him, that person has no right of appeal as to the valuation placed thereon by the assessor; if, on the other hand, the assessment so made is to one not the owner, then, in my opinion, such assessment is invalid.

The provision of § 872 that "if any person shall refuse or neglect to make said return, * * * the assessor may make such assessment according to the best information within his reach and the same shall be binding and conclusive upon all persons, and shall not be subject to appeal," does not, as I understand it, mean that the assessor may assess against A. the property of B. merely because he, the assessor, believes it to belong to A. "according to the best information within his reach," and that, in case of such assessment, A has no remedy at all because of his failure to make a return. The assessment which the assessor is by this section authorized to make "according to the best information within his reach," is that contemplated by the other sections of the statute, to-wit, of the property of A. against A. and it is with reference to *that* property that he is to use the best information within his reach. Nor was anything to the contrary decided in the *Mehrten* case, 13 Haw. 677. There the court simply held that where one has returned a parcel of land as his own, without any mention of any lease thereon, he is estopped from afterwards denying, on an appeal from the assessment on such land, that the land is wholly his own and from setting up that the land is subject to a lease and that he is the owner of the reversionary interest only.

In my opinion the exceptions should be sustained, the judgment for the plaintiff set aside and a new trial ordered.