## IN RE TAXES, HENRY MAY & CO., LIMITED.

APPEAL FROM TAX APPEAL COURT, FIRST TAXATION DIVISION.

SUBMITTED FEBRUARY 24, 1903.        DECIDED MARCH 20, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

When the taxpayer files a return of its property, for taxation purposes, and the assessor increases the amount thereof, or changes the character of the property so that it is subject to a greater taxation, the right to an appeal is given by Section 875, C. L., although the return may not be technically correct.

On the evidence in the record the valuation of the property given in the return is approved.

OPINION OF THE COURT BY GALBRAITH, J.

This appeal is by the taxpayer from the decision of the Tax Appeal Court of the First Taxation Division. The valuation of the property set out in the return was $100,860.83. This was increased by the assessor to $150,000.00 and the increase was sustained by the Tax Appeal Court.

The taxpayer, Henry May & Co., Ltd., is a corporation engaged in the grocery business at Honolulu. Its capital stock is divided into 1500 shares of the par value of $100 each. The items of its property, as given in the return filed with the as-

sessor, are as follows: Leasehold of the premises where its business is conducted, with two years to run, at yearly rental of $5,000., no value; cash $2,952.38; stock of groceries $88,943.38; fixtures and furniture $8,364.77; horses $900.00; and making, after deducting the exemption of $300.00, the aggregate value of $100,860.83. This aggregate is set out on the printed return, furnished by the tax office, under "Schedule G," "Return of Business Enterprise."

From this incident last named the assessor contends that the taxpayer intended to return its property as an "enterprise for profit" under Section 871, C. L., and that the return does not comply with the provisions of said section and that the penalty for failure to make a return prescribed in Section 872, had been incurred and that the assessor was authorized to make the assessment from the "best information within his reach" and that the assessment so made is binding upon all parties and is not subject to appeal. The Tax Appeal Court concurred in the contention and, finding that assessor "acted in apparent good faith in making the assessment of $150,000.00," sustained the same.

It appears that the assessor in the use of the information "within his reach" ignored the return made by the taxpayer; that he ascertained from the Territorial Treasurer that this corporation had not made the annual return or exhibit required by the corporation statute and from the return of two other corporations owning stock in this company that its stock was carried on their books at par. From this information the assessment was placed at $150,000.00, the par value of its entire capital stock.

It is not clear that the taxpayer intended to return its property as an "enterprise for profit," the entry under "Schedule G," may have been made through inadvertence or mistake. If it was so made it would be clearly unjust to hold that there was no return and that the taxpayer had incurred the penalty prescribed for failure to make a return and was denied the right of an appeal from the assessment made by the assessor.

The taxpayer filed a return under oath setting out a valuation of the several items of its property. The amount of the property

was increased from the return and, under the contention of the assessor, the character of the property was also changed from an assessment of indivdual items of property to one of property "combined and made the basis of an enterprise for profit." In either event the taxpayer was entitled to an appeal as a matter of right. This right is given when a return has been filed and the "amount of the property is increased from the return" "or the character of the property is changed so that it is subject to a greater taxation." Sec. 825, C. L.    *McBryde v. Kala*, 6 Haw. 529.    *Shaw v. Booth, ante,* pp. 117, 120.

It will not be necessary to define in this case, what constitutes property "combined and made the basis of an enterprise for profit" within the meaning and intent of Section 871, C. L., since the taxpayer had the right to an appeal and we are of the opinion from a review of the evidence that the valuation of the property approved by the Tax Appeal Court is not supported by the testimony given at the hearing and ought to be set aside.

The appeal is sustained and the valuation approved by the Tax Appeal Court is set aside and the valuation of the property as shown by the return is approved.

*Hatch & Silliman* for taxpayer.

*Robertson & Wilder* for assessor.