# CASES DECIDED

BY THE

# SUPREME COURT

OF THE

## TERRITORY OF HAWAII.

---

IN RE ASSESSMENT OF TAXES, JAMES B. CASTLE.

APPEAL FROM TAX APPEAL COURT, HONOLULU.

SUBMITTED MARCH 26, 1903.          DECIDED MAY 21, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

"Full cash value" under the tax law means the value for purposes of
 sale, if the property is salable, and not either the value to the
 owner or the cost of reproduction.

OPINION OF THE COURT BY FREAR, C.J.

The taxpayer returned his residence at Waikiki at $25,000
for the land and $60,000 for the improvements. The assessor
raised the valuation of the land to $29,100, in which the tax-
payer acquiesced, and the valuation of the improvements to

$100,000, from which the taxpayer appealed to the Tax Appeal Court, which placed the value of the improvements at $75,000, from which the assessor appeals to this court.

The improvements, consisting chiefly of the dwelling house, cost about $150,000, are comparatively new, insured for $85,000, and apparently it would cost about the same amount to replace them. A number of witnesses, real estate agents and prominent business men, seem to agree that the improvements should not be valued at more than $60,000 for purposes of sale. The house is worth most as a residence. It would not bring much as an investment.

Under the statute (Civ. L., Sec. 820) it must be assessed at "its full cash value". If such value is what it could reasonably be expected to bring at a sale, the Tax Appeal Court did not, in our opinion, err in not placing the valuation at a larger amount.

It seems to us that the salable value is the true test of the full cash value, and that, we believe, has been hitherto assumed by bench and bar in cases that have come before this court, that is, when, as here, there is nothing to prevent a sale. Of course, when there is something to prevent a sale, as in the case of a non-assignable leasehold interest, some other test might be adopted, as, for instance, what the property would be worth if it were salable. See *Knudsen v. Stoltz,* 8 Haw. 81; *State v. Halliday,* 61 Oh. St. 352. To test the value in cases like the present by what the property is worth to the owner or at its cost of reproduction rather than at its market value would not only not be sound, but would often be exceedingly difficult and uncertain.

The only question on this appeal is whether the valuation fixed by the Tax Appeal Court is less than the full cash value. In our opinion, on the evidence, it is not, and therefore that valuation is affirmed.

*Robertson & Wilder* for assessor.

*W. R. Castle* for taxpayer.