HAROLD C. HILL, ASSESSOR OF TAXES, FIRST TAXATION DIVISION, TERRITORY OF HAWAII, *v.* YEE CHAN & COMPANY, DEFENDANT, SAMUEL B. KEMP, AMERICAN HOME FIRE ASSURANCE COMPANY AND NEW JERSEY INSURANCE COMPANY, GARNISHEES.

No. 1996.

ARGUED APRIL 10, 1931.        DECIDED APRIL 15, 1931.

PERRY, C. J., BANKS AND PARSONS, JJ.

810

OPINION OF THE COURT BY PERRY, C. J.

As of January 1, 1929, the defendant returned certain property for taxation at a valuation of $31,515.14. The assessor placed a valuation of $35,268, and subsequently, by compromise, the valuation was fixed between the parties at $33,485 and the taxes were paid accordingly. As of January 1, 1930, the defendant returned the same property for taxation at a valuation of $40,000. The assessor assessed it at $44,238 and the assessment was accepted and the taxes were paid accordingly.

In each of the two years the return and the assessment were on the printed form provided by the assessor for the purpose and under schedule "E" of that form. This schedule enumerates for return and assessment "cash on hand," "machinery and equipment," "furniture and fixtures," "merchandise in stock," "merchandise on consignment" and "other property." Each of the valuations above mentioned as having been returned by the taxpayer, assessed by the assessor and adjusted by compromise, was made opposite the item and expression "merchandise in stock." In April, 1930, as appears from a stipulation entered into by the parties in this case, the "defendant's place of business, together with its said stock in trade, was destroyed by fire." In its sworn "proofs of loss," presented in aid of claims for the insurance moneys, the defendant represented that on January 1, 1929, "it had $140,964.73

worth of merchandise in stock" and that on December 31, 1929, "it had $151,811.98 worth of merchandise in stock." The same valuations ·are said in the stipulation to have appeared as the result of an audit of the books and records of the defendant company made in connection with the adjustment of the claims for insurance. In consequence of this later showing the assessor forwarded to the defendant a letter, dated October 14, 1930, in which, reciting the later and larger valuations, he informed the defendant that "pursuant to the provisions of Sec. 1340, R. L. 1925, as amended by Act 237, S. L. 1929," he had assessed the defendant as follows:

| | |
|---|---:|
| "Merchandise actually in stock on January 1st, 1929 | $140,964.73 |
| "      "      in stock as per return filed | 39,393.93 |
| "Unreturned | $101,570.80 |
| "Less depreciation (15%) | 15,235.62 |
| "Additional assessment for year 1929 | $ 86,335.18 |
| "Merchandise actually in stock on January 1st, 1930 | $151,811.98 |
| "      "      in stock as per return filed | 52,044.57 |
| | $ 99,767.41 |
| "Less depreciation (15%) | 14,865.11 |
| | $ 84,902.30 |
| "Plus penalty (5%) | 4,245.11 |
| "Additional assessment for year 1930 | $ 89,145.41" |

Thereafter an action of assumpsit was brought by the assessor against the defendant for taxes at the legal rate upon these two additional assessments. The district magistrate having rendered judgment in favor of the defendant, the case comes to this court by appeal upon points of law from that judgment.

Section 1340, R. L. 1925, as amended by Act 237, L.

1929, provides *inter alia* that if any person "shall omit any property from a return," the assessor shall add "such omitted property" to the assessment list for the year or years "when omitted," and shall give notice thereof to the taxpayer. The contention of the assessor is, in this court as it was in the district court, that this is a case of omitted property within the meaning of the statutes just referred to. In our opinion this contention cannot be sustained. The description of the property returned and assessed was in each instance "merchandise in stock," which, taking the words in their ordinary acceptation, means all of the taxpayer's merchandise in stock, not only a part of it. Assuming that the correct full cash value of the property on the assessment date was that shown in the proofs of loss presented in connection with the claims for insurance and was not that shown in either the original return or the original assessment, the case presented is one of undervaluation and not one of omission of property. The defendant's merchandise in stock was all returned in the original returns and was all assessed within the time limited by law. Some of the value of that property may have escaped taxation, but none of the property itself was unreturned or unassessed. While section 1340 authorizes the assessor to assess at any time property omitted from the return, it does not authorize any revaluation or additional valuation after the dates limited by law in the case of property which has been once returned and once assessed. The fact that in the return for 1929 it appears (if it does appear) that the inventory value for the merchandise in stock carried on the books of the defendant was $39,393.93, and that from the "proofs of loss" the inventory value appears to have been $151,811.98, does not strengthen the case for the plaintiff. The description of the property returned and assessed remains in the two returns the same, to-wit,

"merchandise in stock," which we construe to mean all of the merchandise in stock. The only finding that can be made from the record in this case is that the defendant had but one stock of merchandise and that the stock that was returned and assessed in January of each of the two years named was the same that was burned in April of 1930.

Another contention advanced by the plaintiff is that the defendant cannot be permitted to attack collaterally in this action the correctness of the assessment of October, 1930, because he did not appeal to the divisional board of equalization. Section 1340, as amended, provides further that "any owner desiring a review of such assessment or such addition may appeal to the divisional board of equalization of the division in which the property is located, by filing a written application and at the same time depositing costs in the amount provided by section 1351 at any time within ten days after the receipt of such notice. Such application shall be filed with the assessor who made the assessment and shall contain the taxpayer's valuation of the property in question and the amount of the reduction requested." It is obvious that this provision was intended to relate only to reviews of assessments of property which had been actually omitted from the return. In the case at bar the property had not been omitted from the return and the assessment made in October, 1930, was unauthorized and invalid. It was made without power on the part of the assessor to make it and was therefore subject to a collateral attack. See *Hilo Sugar Co.* v. *Tucker*, 8 Haw. 148, 151.

The judgment of the district magistrate is affirmed.

*C. E. Cassidy,* Special Deputy Attorney General (*H. R. Hewitt,* Attorney General, with him on the briefs), for the tax assessor.

*S. B. Kemp* (*Kemp & Stainback* on the brief) for defendant.