*W. A. Whiting* and *Cecil Brown*, for plaintiff.

*A. Rosa*, for defendants.

———

C. A. BROWN, Tax Collector, *vs.* HENRY SMITH, Guardian of Annie Watson.

APPEAL FROM POLICE COURT OF HONOLULU.

DECISION RENDERED NOVEMBER 29, 1889.   NOT HITHERTO REPORTED.

A covenant of a tenant to pay the taxes does not affect the landlord's liability to pay them.

A guardian is not liable for taxes assessed to his ward's estate, or for taxes assessed upon the ward's interest in a lump sum with the interest of other tenants in common, the statute requiring the assessment to be to the guardian, and upon each interest separately.

An assessor and collector of taxes has no authority to collect taxes assessed by his predecessor in a former year, unless such authority is given by statute.

DECISION OF DOLE, J.

This is a suit for taxes brought by the tax collector for the Island of Oahu, appointed in April, A. D. 1889, under the statute of 1888, amending and regulating "the law relating to the appointment and tenure of office of tax assessors and tax collectors and the assessment and collection of taxes." He claims ten dollars for taxes assessed against the person and property of said defendant on the books of the assessor of taxes for the

District of Honolulu, Island of Oahu, for the year 1888, and states in his testimony that " on the tax collector's book for 1888 for Honolulu, book 2, p. 853, twenty dollars is assessed to Estate of Watson for lot on School street."

The defendant testifies that he made no return in 1888, because the land was leased, and the tenant covenanted to pay the taxes; and that his ward is tenant in common of one-half of the · land. The defendant claims that he is not liable for this tax but that the tenant is liable, both on account of his covenant to pay the taxes, and because he was in possession of the premises; also that he is not liable because the property was not assessed to him but to the Estate of Watson, and thirdly, because the plaintiff has no authority to bring this action for taxes assessed previous to his appointment.

Upon the first point, it is clear to me that a landlord is liable for the taxes upon the value of the land. The Statute of 1882, relating to internal taxes, Section 33, makes it incumbent upon the owner of real property to make a return thereof to the asessor. And Section 25 provides that " the interest of every person in any property shall be separately assessed, and every person shall be liable to taxation in respect of the full cash value of his interest in such property."

I am aware that there are other sections of the statute from which it may be reasonably argued that tenants also are required to make return of real estate in their possession under leases, and are therefore liable for the taxes thereof. However this may be, there is no doubt in my mind that landlords are liable. The fact of the covenant of the tenant to pay the taxes does not affect the landlord's liability; such covenant is a private agreement and does not modify the methods of assessing and collecting taxes fixed by law.

As to the second ground of defense, i. e., that defendant is not liable because the property was not assessed to him but to the Watson estate, I find that the law provides, in Section 21, that every executor, administrator or guardian shall be assessed separately in respect of each property or trust which he represents, and shall be chargeable with the tax payable in respect

thereof in the same manner as if such property were his own, and he shall be assessed respectively in his name as representative of the property or trust he represents. This provision of the statute has been disregarded in every particular in this case. Not only is the property of the defendant's ward assessed to the Watson estate instead of to the defendant, but the interest of the ward is assessed in a lump sum with the interest of the other tenant in common instead of being assessed separately as required by the statute. I find that such an assessment is not binding upon the defendant. The case of *Wood vs. Torrey, Administrator*, 97 Mass., 322, supports this conclusion, under a similar statute. The Court said, " The tax not having been lawfully assessed, and there being no provision of law which authorizes its collection from him, there must be judgment for the defendant."

Upon the third ground of defense that the plaintiff has no authority to bring this action, I also find for the defendant. By the Act of 1888 relating to the assessment and collection of taxes, the assessor created by such Act is required to peform the duties formerly required to be performed by the tax assessors and collectors under the old law. These collectors were appointed annually, and it was among their duties to collect the annual taxes, that is, the taxes assessed in the year of their incumbency, and their authority for such collection was the tax list prepared by the assessor for that year. There was nothing in the old statute that authorized the collector to collect taxes assessed in a former year, nor is he made responsible for neglect of making such collections; consequently, the present assessor, who both assesses and collects, and who has the same duties and responsibilities as the old assessors and collectors, has no authority to collect back assessments as is attempted in this case, unless such authority is given him by the new statute, but I find no such authority. Moreover, if it should be claimed that the present assessor, holding office during good behavior, continues his authority to collect unpaid assessments in subsequent years of his tenure of office, such a contention, even if correct, could not apply to the present case in which the assessment in

question was made by his predecessor, and he received upon his appointment no authority to collect back assessments. *Crapo vs. Stetson*, 8 Metcalf, 393, and *Smith vs. Keniston*, 100 Mass., 173.

Let judgment be entered for defendant.

*C. Creighton*, for plaintiff.

*Defendant* in person.