*Lyle A. Dickey* for plaintiff.

*C. Brown* for defendant.

---

W. R. CHILTON *v.* JONATHAN SHAW, Tax Assessor.

Appeal from Tax Appeal Court, Island of Oahu.

Submitted December 31, 1900.  Decided January 19, 1901.

Frear, C.J., Galbraith and Perry, JJ.

A proper assessment of one lot cannot be reduced on appeal merely because certain other lots in the vicinity have been assessed too low in comparison,—the assessor having acted in good faith and not having assessed other property in general at a lower rate.

Property of the full cash value of at least $35,000. but leased at $185. a month under a ten year lease about to expire should not be assessed on the eight-year rental rule, as that would be "manifestly unfair or unjust." Civ. L. Sec. 320.

OPINION OF THE COURT BY FREAR, C.J.

This is an appeal from the assessment of the business lot and building on the westerly corner of Fort and King streets, and

a residence lot and building on the southeasterly side of Miller street, in the city of Honolulu.

The first mentioned property was returned at $25,000. The Assessor assessed it at $35,000. The Tax Appeal Court sustained the Assessor's valuation. Taxes were paid on a compromise valuation of $27,500 the year before. The assessment in question is that for January 1, 1900. At that time the property was under a ten-year lease at a rental of $166.50 a month for the first five years, and $185 the last five years. The lease would expire in about one year. There is evidence tending to show that a new lease was desired at $300 a month, but that the appellant declined to make a new lease until the expiration of the old. In the early part of the year previous a responsible party wished to buy the property for $35,000. This party testified that the value had increased by January 1, 1900. The appellant replied that he would not sell for $50,000. He testified that he valued the property at between $70,000 and $80,000. The lot is about thirty-three feet square, according to one witness, and about $32\frac{1}{2} \times 37$, according to another, and is covered by a two-story building. It is perhaps as valuable a corner as there is in the city, centrally located and at the juncture of the two main street car routes. The lot adjoining on Fort street, which is slightly larger than this, but is not a corner lot, was sold in the early part of the year previous for $30,000., and was assessed on January 1, 1900, at $25,000. The street frontages of a number of other properties in the vicinity, and the assessments placed thereon for the same date, as well as for the previous year, were put in evidence, namely, the property adjoining on Fort street already mentioned, the Hall (Austin) corner opposite, the McIntyre corner diagonally opposite, the Lewers & Cooke (Austin) property adjoining the Hall property on Fort street, the Brewer property on the corner of Fort and Hotel streets, the Mott-Smith property on another corner of the same streets, the McInerny, Cummings, Judd and Campbell properties on the four corners of Fort and Merchant streets, the last named property also extending down Fort and

around the corner on Queen street, the Spreckels property, comprising most of the block bounded by Fort, Queen, Alakea and Merchant streets, the Nott, Cunha (Wall, Nichols Co.) and Von Holt properties on King street, between fort and Bethel streets. Of these assessments some seem to be not materially out of proportion to the assessment placed on the property in question so far as we can judge from the meager facts before us, while others appear to be too low as compared with this assessment, some of them glaringly so.

The statute (Civ. L., Sec. 820) provides that "all real and personal property * * * shall be assessed * * ,* for its full cash value," with a proviso that combined properties shall be assessed as a whole, and a further proviso "that when any real estate or house is leased or rented, the sum of eight years' rental thereof shall be the assessment value of such real estate or house, unless such valuation shall be manifestly unfair or unjust."

A valuation at eight years' rental in this case would be manifestly unfair and unjust. It would amount to $17,760. Such is apt to be the case with property leased years ago at a smaller rental than can now be obtained, especially if the lease is about to expire. Since, then, this case does not fall within the proviso which prescribes the eight-year rental method, it must be governed by the main rule, which requires the property to be assessed at its full cash value, and we cannot say on the evidence that its full cash value is less than $35,000, the amount at which it was assessed.

The question is whether the appellant's property is assessed too high, not whether some other properties are assessed too low. If it appeared that other properties generally were assessed at a lower rate, it might be proper to assess this at the same rate. But we cannot reduce the assessment in this case merely because some other properties have been assessed too low, through a failure in judgment on the part of the assessor. It is conceded that he acted in good faith in the present instance. But we may well repeat what was said in substance in *Tax*

*Assessment Appeals*, 11 Haw. 242, that great care should be taken to place proper valuations upon different properties regarded in comparison with each other, as well as regarded separately, and that discrimination between different taxpayers, unless based on real differences in circumstances, is even more objectionable than general excessive taxation. In this connection we may remark that the assessors appear not always to understand the proper course to pursue where a sale or offer to purchase has been made of a particular property, or where there has been a refusal to sell at certain figures. For special reasons one may be willing to pay more than the general market value. For other reasons one may be unwilling to accept a certain sum, even though greatly in excess of the market value. In most cases a sale of one property throws almost as much light on the values of neighboring properties as upon that of property sold. There may be no reason why the assessment of the property sold should be raised any more than the assessments of the neighboring properties should be raised. And sometimes the assessments of properties in general in a particular neighborhood should be raised or lowered, where they have not been raised or lowered, in the absence of any sale, as well as after or in consequence of a sale.

The eight-year rental proviso, on which the appellant mainly relies, was no doubt adopted as a convenient rule for arriving approximately at the correct full cash value, and on the supposition that the actual rental was usually approximately the fair rental. See *Parker v. Shaw*, 9 Haw. 400. But values have changed, and land is now as a rule valued at a higher figure than eight times the fair rental. Therefore, (1) if land leased at its present fair rental value is assessed on the eight-year rule, and other land, because not rented or because leased years ago at a low rental, is assessed at its full cash value, there is unjust discrimination. Or (2) if such other land is assessed by analogy at eight times its fair rental value, as distinguished from its actual rental, and not at its full cash value, we depart from the plain provisions of the statute, and with the result that real

property in general is assessed at too low a rate as compared with personal property. It may be (3) that owing to a change in values since the enactment of the statute, the eight-year rule would be "manifestly unfair or unjust," and so should not be held to apply, in the great majority of cases, even where the actual rental is the fair present rental value of the property. Should not the proviso as to rented real estate be now repealed or altered, or else the valuations of other property, whether real or personal, be put on the same level?

The property on Miller street was returned at $3,750. The assessor valued it at $6,000, and this was sustained by the Tax Appeal Court. The lot has a frontage of about 63 feet, and a depth of about 130 feet. There is a well-built story and a half house on it. The appellant paid $1,000. for the land a little over three years before the date of the assessment, and about $2,750. or $2,800. for the house. The house apparently cost more, but the appellant paid no more than the contract price because the contractor was under bonds to complete it at that. The Deputy Assessor testified that it must be worth at least $5,000, and that the land had increased in value and was worth at least $2,000, but that to be safely within the proper limits, he valued both together at $6,000. The appellant seemed to think that the "full cash value" was what the lot and house cost him, irrespective of what it cost someone, and irrespective of its market value. We regret that there was not more evidence in this case, as we are not wholly satisfied that the assessment was not placed at too high a figure, but on the evidence before us we do not see how we can find that the Tax Appeal Court erred. The appellant was without counsel before the Tax Appeal Court.

The findings of the Tax Appeal Court are affirmed and the appeal is dismissed.

*T. McCants Stewart* for appellant.

*W. O. Smith* for the Assessor.

PARTIALLY DISSENTING OPINION OF PERRY, J.

I concur in the foregoing opinion, save in so far as it relates to the subject of the Miller street property. As to the latter, the valuation, upon the evidence, should, in my opinion, be placed at $5,000.