# IN RE ASSESSMENT OF TAXES, LAM WO SING.

## APPEAL FROM TAX APPEAL COURT, HONOLULU.

SUBMITTED MARCH 26, 1903.          DECIDED JUNE 5, 1903.

### FREAR, C.J., GALBRAITH AND PERRY, JJ.

A lessee's interest cannot be arbitrarily valued for purposes of taxation by fixing the value of the land without the lease and deducting therefrom eight times the annual rental supposed to be the value of the lessor's interest.

The value of a leasehold varies with the length of the term of the lease as well as with the income derived therefrom.

An assessment of unreturned property is held unappealable.

OPINION OF THE COURT BY FREAR, C.J.

The taxpayer returned his rice plantation at Waikiki as separate items: real property in fee, consisting of many small pieces, $14,332; leasehold interests in many small pieces of land, nothing; rice, paddy, &c., $13,152; growing crops, $9,000; and live stock, $630. The assessor raised nearly all the valuations to a greater or less extent. The fee simple property was raised about fifty per cent. The taxpayer acquiesced in all the increased amounts except that of the leasehold interests, which the assesor placed at $19,621. As to that he appealed to the Tax Appeal Court, which reduced that valuation to $9,000, from which he now appeals to this court.

Omitting the land held in fee and about thirty acres held at will, there remains about 120 acres held under thirty-one separate leases having from about one to thirteen years to run.

The assessor in nearly every instance adopted $500 per acre as the value of the land without the lease, deducted the amount of eight times the rental as the value of the lessor's interest, and assessed the balance to the lessee, with, of course, absurd results. For instance, one lease of less than half an acre on which rent was paid at the rate of over $40 per acre per annum and which had only ten months to run was valued at $75. That a lessee's interest cannot be valued in this arbitrary way is evident. See *In re Hawaii Co., Ltd.,* 13 Haw. 699; *In re Bishop Est.,* 13 Haw. 671; *Chilton v. Shaw,* 13 Haw. 250; *O. R. & L. Co. v. Shaw,* 11 Haw. 210; *O. R. & L. Co. v. Shaw,* 10 Haw. 643; *Parker v. Shaw,* 10 Haw. 410. The assessor also considered the value of a lease about to expire as equal to that of one having a long term to run, because the lessee could make out of it during the year as much in the one case as in the other. This, of course, was erroneous. The tax was a property tax, not an income tax.

The Tax Appeal Court allowed nothing for about 50 acres, because the leases of those were to expire within a year and five months and so reduced the amount (for the remaining 70 acres)

proportionally to $10,400 and then made a further reduction to $9,000 because some of the remaining leases had only comparatively short terms to run.

The leases on about 54 of these 70 acres would expire in 2, 3, 4 and 6 years, and those on about 9 acres more in 7, 8 and 9 years, leaving those on only about 7 acres to run 13 years. The average rental paid on the 120 acres was $27.33 per acre per annum. But the average paid on the 70 acres was $36.50. This would seem to be about as much as the land was worth, leaving little, if any, value for the leasehold interests. And yet it appears that same or all of these lands are subleased, though it does not appear at what, if any, advance of rental. The 30 acres held at will average $39.64 per acre per annum in rental, or about $3 more than the 70 under leases having more than a year and a half to run. But it is contended that some of these higher rentals have to be paid in order to avoid trouble because the lands are scattered through the plantation. One leasehold of 5.3 acres with an artesian well must remain as assessed at $1250, because it was not returned and there can be no appeal as to that. There is nothing to show that the assessor did not assess this piece according to the best information within his reach, as required by the statute. Certain other leases might reasonably have small valuations placed on them, even though they and others together might have little or no value as a whole. The bad ones cannot be used to off-set the good ones, when they are returned and assessed separately. If all the property making up the plantation had been returned as a whole, as it perhaps ought to have been, the case might be different.

Without going into details we think that such of the leasehold interests as have value, including the 5.3 acres unreturned, might properly be assessed at $2,000, and it is so ordered.

OPINION OF PERRY, J.

I concur as to the unreturned piece of land, but as to the

appellant's leasehold interests in the other pieces my finding, upon the evidence, is that they have no salable or taxable value.

*Robertson & Wilder* for assessor.

*Holmes & Stanley* for taxpayer