# IN RE ASSESSMENT OF TAXES OF OAHU RAILWAY & LAND COMPANY, APPEAL BY THE TAX-PAYER FROM THE TAX APPEAL COURT, FIRST TAXATION DIVISION.

ARGUED MARCH 14, 1905.          DECIDED MARCH 27, 1905.

HARTWELL, J., AND CIRCUIT JUDGES DE BOLT AND ROBINSON
IN PLACE OF FREAR, C.J., AND WILDER, J.

TAXATION—*separate interest in land.*

E. P. Co., Ltd., owning a sugar plantation on a large tract of land of which it had a leasehold interest, was taxed for the plantation and leasehold interest as for an enterprise for profit. O. R.

& L. Co. having subleased to E. P. Co., Ltd., the land, being 7,844 acres of large tracts of land leased to O. R. & L. Co. by the reversioners, the sublease being for a term one month short of the term of the original lease, and receiving in lieu of rent from E. P. Co., Ltd., four per cent. of its annual sugar product, amounting in 1903 to $75,000 and netting the O. R. & L. Co. about $44,000 after payment of its rent to the reversioners, the interest in the land held by O. R. & L. Co. was taxed at $240,000; the reversioners being also taxed for the value of their interest and E. P. Co., Ltd., being taxed for its plantation and leasehold interest as for an enterprise for profit. Held: The taxation of E. P. Co., Ltd., and of the reversioners for their several interests did not include the taxation of O. R. & L. Co. for its interest, and the owners of the several interests in the land were properly taxed for the separate values thereof.

Statement of the case: The assessor valued the tax-payer's interest in the property in question at $240,000, the tax-payer claiming that its interest had no taxable value. The tax appeal court sustained the assessor's valuation and the tax-payer appealed. The following is the decision of the tax appeal court:

"The appellant as lessee has an assessable interest which does not appear as having been assessed against the Ewa Plantation Company, Ltd., in its assessment as an enterprise for profit.

"The appellant leases from the Campbell Estate 40,000 acres of land at an annual rental of $40,000, an average of one dollar per acre.

"The appellant subleases a portion of said land, amounting to 7,844 acres, to the Ewa Plantation Company, Ltd., which is the land in question.

"The evidence shows that in 1903 the appellant received from the Ewa Plantation Co., Ltd., a share of its profits the equivalent of rental, on the land in question, amounting to $75,000.

"In making a liberal estimate of the net profits to the appellant from the land in question the court is of the opinion that the assessment made by the assessor of $240,000 is a fair assessment. The court, therefore, sustains the assessor in his assessment of $240,000."

The tax-payer's return makes the following statement:

"All the interest of the Oahu Railway & Land Company in that portion of the land occupied by the Ewa Plantation Co.

having been assessed to said Ewa Plantation Co. as an enterprise for profit, no interest remains to be assessed to the Oahu Railway & Land Co."

The assessor relies upon the statute which requires that "the interest of any person in any real or personal property shall be assessed separately, * * * and every person shall be liable to taxation in respect of the full value of his interest in such property," and also upon the provision of the statute that every person shall make a return of all his interest in any property. The return of the Ewa Plantation Co., as claimed by the assessor, "does not show that it is returning and paying taxes on property which it does not own." For the previous five years the average annual receipts by the tax-payer from the Ewa Plantation Co. were a little over $75,000. The assessor's expert estimates that the tax-payer nets out of this lease, as far as Ewa is concerned, about $44,000 annually.

In 1889 James Campbell leased to B. F. Dillingham large tracts of land upon the island of Oahu known as Honouliuli and Kahuku for a term of fifty years, which Dillingham assigned to the Oahu Railway & Land Co. That company assigned to W. R. Castle by a sublease 7,844 acres of the Honouliuli land, Castle assigning this sublease to the Ewa Plantation Co., Ltd., which is required by the terms of the agreement to pay to the Oahu Railway & Land Co. four per cent. of its annual product of sugar by way of rental. The sublease retains in the Oahu Railway & Land Co. the final month of the fifty years' term. Each of the different interests, namely, the Campbell Estate, the Oahu Railway & Land Co. and the Ewa Plantation Co. is separately assessed for its interest and pays taxes therefor, the property of the Plantation Co. being treated as an enterprise for profit. It is claimed in behalf of the Oahu Railway & Land Co. that "all these assessments are void" and that the lands included in Ewa Plantation "should be assessed as one entire tract and a value put upon it." It is further claimed by the tax-payer that "the only interest which the Oahu Railway & Land Co. has in these lands is a reversionary interest of one month at the end of

forty-nine years and eleven months, which is an interest which has very little value. No rent is to be paid but instead of rent the Oahu Railway & Land Co. is to receive a share of the profits of the Ewa Plantation Co. It seems to us that that value is estimated in the Ewa Plantation Company's assessment, and whether it is or not, it is an interest in an 'enterprise for profit' and is a share of that enterprise and not of land."

Per curiam: The tax-payer's interest was properly assessed and was not over-valued by the assessor or by the tax appeal court. This interest of the Oahu Railway & Land Co. had not entered into the valuation of the Ewa Plantation and had not been taxed as a portion of its property.

The decision of the tax appeal court is affirmed.

*A. G. M. Robertson* for assessor.

*Castle & Withington* for tax-payer.