# IN RE ASSESSMENT OF TAXES OAHU RAILWAY & LAND COMPANY.

APPEAL FROM TAX APPEAL COURT, FIRST TAXATION DIVISION.

ARGUED NOVEMBER 7, 1905.     DECIDED NOVEMBER 13, 1905.

HARTWELL AND WILDER, JJ., AND CIRCUIT JUDGE DE BOLT IN PLACE OF FREAR, C. J.

TAXATION—*separate interest as between lessor and lessee.*

> The O. R. & L. Co. leased a large tract of land from the Campbell estate and subleased a portion of same to the E. P. Co., Ltd. The Campbell estate was assessed for its interest in the lease to the O. R. & L. Co., the E. P. Co., Ltd., was assessed as an enterprise for profit which included its interest in the sublease, and the O. R. & L. Co. was assessed for its interest in the sublease. Held: That each interest was assessed according to law and that the assessment of the O. R. & L. Co.'s interest in the sublease to the E. P. Co., Ltd., was not illegal and void and was not in violation of the 14th amendment of the U. S. Constitution. *In re Assessment of Taxes of O. R. & L. Co.*, 16 Haw. 564, affirmed.

ID.—*valuation.*

> An assessment of $300,000 on the interest of the O. R. & L. Co. in the sublease to the E. P. Co., Ltd., is sustained.

### OPINION OF THE COURT BY WILDER, J.

This is an appeal by the Oahu Railway & Land Company from a decision of the tax appeal court for Oahu sustaining an

assessment of $300,000 on the interest of the appellant in a certain lease to Ewa Plantation Co., Ltd.

In 1889 James Campbell leased for fifty years to B. F. Dillingham about 40,000 acres of land on Oahu, which lease Dillingham assigned to the Oahu Railway & Land Company. That company subleased to W. R. Castle 7860 acres of the land and Castle assigned this sub-lease to the Ewa Plantation Co., Ltd., which is required to pay to the Oahu Railway & Land Company 4 per cent. of its annual product of sugar by way of rental. The sublease retains in the Oahu Railway & Land Company the final month of the 50 year term. The interest of the Oahu Railway & Land Company was returned as of no value and was assessed at $300,000, which assessment was sustained by the tax appeal court.

An assessment of $240,000 against this same interest of the same taxpayer for the year 1904 was sustained by this court in 16 Haw. 564. Counsel state in their brief that "it does distinctly appear that the court failed to apprehend or consider our point made that the assessment was void since 'the property in question is a separate item and should be separately assessed' ", but this is not true, as the decision clearly shows that that point was apprehended and considered. All contentions that are now made by the taxpayer, except as to the increase of $60,000, were made, considered, passed upon and decided by this court in that case adversely to the taxpayer. Counsel for the taxpayer now claim and were permitted to argue that the decision referred to is erroneous in holding that the assessment was not illegal and void and not contrary to the 14th amendment of the Constitution of the United States.

The contention of the taxpayer, as we understand it, is that the interest of the Campbell estate (the successor to James Campbell), of the Ewa Plantation Co., Ltd., and of itself in the 7860 acres held by Ewa Plantation in the sublease above referred to must be assessed separately, that is, valued separately; that this valuation must be made and entered upon the assessment book; that the provision is for the benefit of the tax-

OAHU R. & L. CO. *v.* ASSESSOR. 165

payer in order that it may compare its assessment with the assessment of those holding other interests in the property so that it should not be overassessed; and that "it is a violation of the 14th amendment of the Constitution of the United States, both as depriving it of its property without due process of law and denying it the equal protection of the laws, if its property is assessed separately without the whole item being valued, and it being determined whether it is paying only its tax and not that of the other interests of the land."

Section 1216 of the Revised Laws provides that "All real and personal property and the interest of any person in any real or personal property shall be assessed separately as to each item thereof for its full cash value," provided that property combined and made the basis of an enterprise for profit shall be assessed as a whole on its fair and reasonable aggregate value.

Section 1217 of the Revised Laws provides that "The interest of every person in any property shall be separately assessed, and every person shall be liable to taxation in respect of the full value of his interest in such property."

A taxpayer cannot complain if he is properly assessed irrespective of whether some one else is properly assessed or not. See *Inter Island Steam Navigation Company v. Shaw,* 10 Haw. 640, where the court said: "The main question in this case was whether the assessment of the plaintiff's property was correct, and, if it could be proved that the assessor did not follow the same course in all cases, this would not show that he did not follow the right course in this, or that he did not follow the right course in other cases, much less that he was guilty of fraudulent discrimination." But, in our opinion, the interest of each taxpayer, that is, the Campbell estate, the Ewa Plantation Co., Ltd., and the Oahu Railway & Land Company, was properly and legally assessed. The Campbell estate was separately assessed, as the statute provides, for its interest in the lease to Dillingham. Because the lessee subleased portions of the land is no concern of the lessor so far as his (the lessor's) right to be assessed separately for his interest is concerned. The

lessor's liability to pay taxes and right to be assessed separately for his interest remains the same whether portions of the land are subleased or not. The Oahu Railway & Land Company was also separately assessed, as the statute provides, for its interest in the sublease to the Ewa Plantation Co., Ltd. In ascertaining the value of this interest many circumstances may properly be considered. This court said on that point in *Oahu Railway & Land Company v. Shaw,* 10 Haw, 645, "But the value of a leasehold depends upon many circumstances, as the amount of rent reserved by the lease, the privileges, covenants and conditions in the indenture, the location of the land, the uses to which it can be put, the population in the locality, the prospects for further development of its resources, and we might add, all other considerations economic or political which affect values in general." But it is not necessary that those facts and circumstances appear on the assessment book. The Ewa Plantation Co., Ltd., was also properly assessed for its interest in the 7860 acres of land subleased from the Oahu Railway & Land Company by including it in the combined property forming the basis of an enterprise for profit. See *Inter Island Steam Navigation Company v. Shaw,* 10 Haw. 624.

Thus in each case the interest of each taxpayer was separately assessed as provided by law. It is not necessary that the method by which the full cash value of a piece of property is arrived at should appear on the assessment book. As long as his property is not assessed for more than its full cash value what complaint has the taxpayer? If it is assessed for more than its full cash value, he has his remedy, whether the method by which that result is reached appears on the assessment book or not. Consequently the taxpayer is not deprived of its property without due process of law, nor is it deprived of the equal protection of the laws.

The cases cited in the brief for the taxpayer do not conflict with the foregoing views, and it is unnecessary to review them. But, as *Brown v. Smith,* 8 Haw. 677, was particularly relied on, we will refer to that case. It was there held that a cove-

nant of a tenant to pay the taxes does not affect the landlord's; liability to pay them, and that a guardian is not liable for taxes. assessed to his ward's estate, or for taxes assessed upon the. ward's interest in a lump sum with the interest of other tenants. in common, the statute requiring the assessment to be to the. guardian and upon each interest separately, and that au assessor. and collector of taxes has no authority to collect taxes assessed' by his predecessor in a former year unless such authority is, given by statute. That case does not in the slightest degree. conflict with any views set forth herein.

That portion of the 14th amendment to the Constitution of' the United States which appellant claims is violated reads as follows: "No State shall make or enforce any law which shall. abridge the privileges or immunities of citizens of the United' States; nor shall any State deprive any person of life, liberty- or property without due process of law; nor deny to any person. within its jurisdiction the equal protection of the laws." This. "nullifies and makes void all State legislation, and State action. of every kind, which impairs the privileges and immunities of citizens of the United States, or which endangers them in life, liberty or property without due process of law, or which denies. to any of them the equal protection of the laws." *Civil Rights: Cases,* 109 U. S. 11. But, as already pointed out, appellant has. not been deprived of any property without due process of law and has not been denied the equal protection of the laws.

It is further claimed by the taxpayer that in any event the. assessment should not be more than $240,000, which was the. assessment for last year. While agreeing that valuations should not be changed from year to year for slight reasons (See *Tax. Assessment Appeals,* 11 Haw. 237) still the decision of the tax. appeal court is entitled to some weight and the burden is on the. appellant to show that it is erroneous. *Lihue Plantation Company v. Farley,* 13 Haw. 283; *In re Assessment of Taxes, Estate. of Bernice P. Bishop,* 13 Haw. 671. In this case the evidence. shows that the gross amount received by the appellant in 1904. from the Ewa Plantation under this sublease was $80,506.16,

being a little over $4,000 more than for the year 1903 and that the annual average gross amount received by the appellant under this sublease for the past five years was $76,273.91. The assessor estimates that the net amount received by the appellant under the sublease is over $50,000 a year. In our opinion the appellant has not shown that the decision of the tax appeal court was erroneous.

The decision of the tax appeal court sustaining an assessment of $300,000 is affirmed.

*Castle & Withington* for the taxpayer.

*M. F. Prosser, deputy attorney general,* for the assessor.