## RE TAXES A. MENEFOGLIO.

### No. 1194.

APPEAL FROM TAX APPEAL COURT, FIFTH CIRCUIT.

SUBMITTED AUGUST 11, 1919.                    DECIDED AUGUST 29, 1919.

KEMP AND EDINGS, JJ., AND CIRCUIT JUDGE FRANKLIN IN PLACE OF COKE, C. J., ABSENT.

TAXATION—*assessment.*

> The mere fact that other property in the same vicinity and of the same description has been assessed for a larger or smaller sum is no ground to set aside an assessment.

SAME—*same—valuation.*

> While the purchase price of property is not the sole basis of taxation it may, in cases, afford a very clear indication of the taxation value of the property.

OPINION OF THE COURT BY EDINGS, J.

This is an appeal by the tax assessor from a decision of the tax appeal court of the fifth judicial circuit reversing the assessment on certain property situated on the Island of Kauai, consisting of 4⅛ shares in the Moloaa hui which was returned by the taxpayer as being of the value of $480. This valuation was raised by the tax assessor to $1220 and the property assessed at that figure. From this assessment the taxpayer appealed to the tax appeal court of the fifth judicial circuit upon the ground as stated in the notice of appeal that there had been discrimination used in assessing his property. From the records in this court this appears to be the only ground of appeal. The evidence taken before the tax appeal court, if there was any evidence beyond the mere informal statement of the taxpayer

and members of the tax appeal court, shows that this property was purchased in the open market during the year 1918 for the sum of $1220 and that while other shares in this hui were taxed for a less amount than the shares in question still other shares in the same hui were taxed for more.

We can see no reason for the judgment of the tax appeal court nor any ground based upon the record for reversing or modifying the assessment upon the property placed by the assessor. While as a general proposition it may be conceded that the purchase price of property is not in all cases the sole or even the proper basis of taxation the purchase price may, however, in other cases be a very clear indication of the taxation value of the property and of course in such cases may be used as the fundamental basis upon which the taxation value is predicated. In the case now before the court the assertion of the taxpayer himself goes to show that this valuation is a fair and just estimate of the market value and of the worth of the property generally. The mere fact that other property in the same vicinity and of the same description has been assessed for a larger or a smaller amount than the property of this taxpayer is no ground to base a claim for relief upon.

"The fact that other properties in Hilo have been assessed too low, if the assessment in question was made in good faith, which is not denied, does not afford a reason for reducing the assessment." *In re Taxes Catholic Mission*, 22 Haw. 764.

"A taxpayer cannot complain if he is properly assessed irrespective of whether some one else is properly assessed or not. See *Inter Island Steam Navigation Company* v. *Shaw*, 10 Haw. 640, where the court said: 'The main question in this case was whether the assessment of the plaintiff's property was correct, and, if it could be proved that the assessor did not follow the same course in all cases, this would not show that he

did not follow the right course in this, or that he did not follow the right course in other cases, much less that he was guilty of fraudulent discrimination'." *O. R. & L. Co.* v. *Assessor,* 17 Haw. 163, 165.

The decision of the tax appeal court appealed from is reversed and the assessment fixed by the assessor is affirmed.

*H. Irwin,* Attorney General, for the assessor.

*P. L. Rice* for the taxpayer.