## RE TAXES CHARLES H. SWAIN.

## No. 1677.

APPEAL FROM TAX APPEAL COURT THIRD TAXATION
DIVISION.

SUBMITTED MAY 25, 1926.                DECIDED MAY 27, 1926.

PERRY, C. J., LINDSAY AND BANKS, JJ.

TAXATION—*assessment.*

>    The question in a tax appeal case is whether the property
> involved in the appeal was assessed too high and not whether
> neighboring property was assessed too low.  The mere fact that
> other property situate near the appellant's property was assessed
> at a lower valuation, does not afford a reason for reducing the
> assessment if it was made in good faith.

OPINION OF THE COURT BY PERRY, C. J.

The taxpayer in this case returned a piece of land
situate in Hilo, Hawaii, for tax purposes as of January 1,
1925, at a valuation of $4200 and the buildings thereon
at a valuation of $8500.  The tax assessor assessed the
land at $5000 and the buildings at $11,400.  The taxpayer
appealed to the tax appeal court and that court sustained
the assessor.  From the judgment of the tax appeal court
the taxpayer appeals to this court.

The substance of the taxpayer's claim was in the tax
court and is in this court that other pieces of land and
the buildings thereon in the immediate vicinity of the
land involved in this case were assessed by the assessor
as of the same assessment date, January 1, 1925, at valua-
tions lower than those named in the assessment under
review and evidence was introduced by the appellant
tending to support that claim.

It has been repeatedly held by this court that the
issue in any given tax case is whether the property

involved in the appeal was assessed too high and not whether other property was assessed too low. "The question is whether the appellant's property is assessed too high, not whether some other properties are assessed too low. If it appeared that other properties generally were assessed at a lower rate, it might be proper to assess this at the same rate. But we cannot reduce the assessment in this case merely because some other properties have been assessed too low, through a failure in judgment on the part of the assessor. It is conceded that he acted in good faith in the present instance." *Chilton* v. *Shaw,* 13 Haw. 250, 252. "A taxpayer cannot complain if he is properly assessed, irrespective of whether some one else is properly assessed or not." *O. R. & L. Co.* v. *Assessor,* 17 Haw. 163, 165. "The mere fact that other property in the same vicinity and of the same description has been assessed for a larger or a smaller amount than the property of this taxpayer is no ground to base a claim for relief upon." *In re Taxes of Menefoglio,* 25 Haw. 106, 107. "The fact that other properties in Hilo have been assessed too low, if the assessment in question was made in good faith, which is not denied, does not afford a reason for reducing the assessment." *In re Taxes, Catholic Mission,* 22 Haw. 764.

The good faith of the tax assessor in making the assessment under review is not attacked by the appellant. On the contrary, it was expressly admitted by him in the lower court. During the trial members of the tax board several times suggested to the appellant that he adduce evidence tending to show the full cash value of his property as of January 1, 1925, adding that the comparisons sought to be presented by the taxpayer would be of no assistance to the court in determining the true value of the land assessed. The taxpayer, however, expressly elected to stand upon the comparisons presented and

failed to adduce any evidence whatever of recent sales of similar property or in the form of opinions of experts or otherwise tending to show the full cash value on the assessment date. The assessor on the other hand adduced proof of sales of property in the vicinity made in 1921 and 1924 which in some degree tended to support the assessment. It is also in evidence that the land in question was assessed in 1921, 1922, 1923 and 1924 at $5000 and that the buildings were assessed in 1921 at $11,000, in 1922 at $12,000 and in 1923 and 1924 at $11,400; and that these assessments were accepted and taxes paid accordingly.

Such evidence as there is, though slight, supports the assessment; and there is no evidence tending to show that the assessment was excessive.

The judgment appealed from is affirmed.

*E. K. Aiu* for the taxpayer.

*H. R. Hewitt,* Second Deputy Attorney General, for the tax assessor.